IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOMERO ITURRALDE SANCHEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-cv-332-N-BN |
| | § | |
| KRISTI NOEM, in her official capacity | § | |
| as Secretary of the Department of | § | |
| Homeland Security, ET AL., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO TRANSFER**

On February 6, 2026, Petitioner Homero Iturralde Sanchez ("Iturralde"), who

his counsel represented was then detained at ICE's Dallas field office, filed this

habeas action under 28 U.S.C. § 2241, arguing at least that his detention by

immigration authorities without a bond hearing violates both the Immigration and

Nationality Act and the due process clause of the United States constitution. *See* Dkt.

No. 1.

Senior United States District Judge David C. Godbey referred Iturralde's

action to the undersigned United States magistrate judge for pretrial management

under 28 U.S.C. § 636(b) and a standing order of reference.

The same day that Iturralde filed his petition, a panel of the United States

Court of Appeals for the Fifth Circuit issued a published decision that could impact

the relief that he seeks. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir.

2026).

The Court therefore ordered that Iturralde's application be served on the United States Attorney's Office ("USAO") but allowed Iturralde an opportunity to file an amended petition before the USAO filed a response on behalf of Respondents. *See* Dkt. No. 3 (also setting a deadline for Iturralde to reply).

Iturralde neither filed an amended application nor a reply brief. (The USAO nevertheless responded, on April 13, 2026. *See* Dkt. Nos. 6 & 7.)

But Iturralde then filed on May 22, 2026 a motion to transfer his case under 28 U.S.C. §§ 1406(a) and 1631, explaining that, while he was initially detained by ICE in this district – which was when he filed this action – he is now detained in a facility within the Eastern District of California. *See* Dkt. No. 8.

And, because this motion is a nondispositive matter under 28 U.S.C. § 636(b)(1)(A), *see Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021), the Court DENIES Iturralde's motion to transfer for the following reasons.

"Jurisdiction attached on [Iturralde's] initial filing for habeas corpus relief, and it was not destroyed by [his] transfer … and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) (collecting cases).

And, so, to the extent that Iturralde now seeks a transfer based on the immediate-custodian rule, his argument is misplaced, as that rule applies on the initial filing for habeas relief and should not be reapplied as a basis to transfer a habeas action each time a petitioner may be transferred, as habeas is not a game of hot potato. *Cf. Ex parte Catanzaro*, 138 F.2d 100, 101 (3d Cir. 1943) ("[W]e do not believe that passing about of the body of a prisoner from one custodian to another

after a writ of habeas corpus has been applied for can defeat the jurisdiction of the Court to grant or refuse the writ on the merits of the application." (cited by *Griffin*));

*see also Ngon v. Noem*, No. 3:25-cv-1943-L-BT, 2026 WL 705015, *2 (N.D. Tex. Feb. 25, 2026) (Section 2241 "grants district courts the authority to grant writs of habeas corpus within their respective jurisdictions. Thus, a district court has jurisdiction to entertain an alien's habeas petition under § 2241 if that alien is detained within that court's district or otherwise filed his habeas application while detained within the court's district." (cleaned up; citing *Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001))), *rec. accepted*, 2026 WL 702104 (N.D. Tex. Mar. 12, 2026); *Wu v. Noem*, No. 1:25-CV-01212, 2026 WL 638656, at *4 (W.D. La. Jan. 29, 2026) ("[E]ven if Petitioner would be transferred, this Court would still maintain jurisdiction to rule on his habeas petition." (citing *Griffin*, 751 F.3d at 290)).

SO ORDERED.

DATED: May 26, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE